IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PHAOUTHOUM,<br><br>    Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S DEPUTY E. YUEN,<br><br>    Defendant.<br>_____/ | No. C 14-2427 DMR (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, who is currently incarcerated at the Glenn E. Dyer Detention Facility ("Glenn Dyer") in Alameda County, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Plaintiff has since filed an amended complaint. Dkt. 5.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at Glenn Dyer, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names Alameda County Sheriff's Deputy/Housing Officer E. Yuen # 2114. Plaintiff seeks injunctive relief and monetary damages.

**DISCUSSION**

**I.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.     Excessive Force Claim**

Plaintiff alleges that on April 27, 2014, Defendant Yuen, who worked as a housing officer at Glenn Dyer, used excessive force when he grabbed Plaintiff from behind and slammed his left arm against the rail of his bunk bed two times, causing injury to Plaintiff. Dkt. 5 at 3. Plaintiff claims that he did nothing to incite Defendant Yuen to use such force, and that he was not resisting when Defendant Yuen grabbed him. *Id.* Liberally construed, Plaintiff's claim is cognizable under § 1983 as a violation of his Eighth Amendment right against cruel and unusual punishment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's allegations state a cognizable excessive force claim against Defendant Yuen.

2.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 5), a Magistrate Judge jurisdiction consent form, and a copy of this Order to: **Alameda County Sheriff's Deputy/Housing Officer E. Yuen # 2114.** The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the Alameda County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.     Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the

1 Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be
2 required to bear the cost of such service unless good cause be shown for Defendant's failure to sign
3 and return the waiver form. If service is waived, this action will proceed as if Defendant had been
4 served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will
5 not be required to serve and file an answer before **sixty (60) days** from the date on which the request
6 for waiver was sent. (This allows a longer time to respond than would be required if formal service
7 of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the
8 waiver form that more completely describes the duties of the parties with regard to waiver of service
9 of the summons. If service is waived after the date provided in the Notice but before Defendant has
10 been personally served, the Answer shall be due **sixty (60) days** from the date on which the request
11 for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.
12 **Defendant shall also respond to the Notice of Assignment of Prisoner Case to a United States**
13 **Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

      4. Defendant shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a. No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166 (overruling *Wyatt*, 315 F.3d at 1119, which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the amended complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendant argues that the failure to exhaust is clear on the face of the amended complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

       d.     Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.     All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: September 15, 2014

DONNA M. RYU
United States Magistrate Judge